UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

-against-                                      04-CR-402

YASSIN MUHIDDIN AREF
and MOHAMMED MOSHARREF HOSSAIN,

                              Defendants.

─────────────────────────────────────────────

THOMAS J. McAVOY,
Senior United States District Judge

ORDER

On August 5, 2005, the Government made a motion for a protective

order pursuant to the Classified Information Procedures Act ("CIPA") §

4 and Federal Rule of Criminal Procedure 16(d)(1). See doc. # 118.  The

motion was made *ex parte* and *in camera* as allowed by CIPA § 4 because

it contained and/or involved classified information. See 18 U.S.C.

App. 3 § 4. On August 8, 2005, the Court held an *ex parte, in camera*

hearing with the Government regarding this CIPA § 4 motion.  On August

9, 2005, the parties appeared in open Court during which the Court

indicated, *inter alia,* that the Government had moved *ex parte* and *in

camera* for a protective order under CIPA § 4. Immediately after the

public proceeding, the Court held an *ex parte, in camera* hearing with

defense counsel regarding the Government's CIPA § 4 motion in order to

1

obtain information that might aid the Court in resolving the CIPA § 4

motion. Also on August 9, 2005, the Government filed a redacted version

of its CIPA § 4 motion. See doc. 119.

The Court Clerk's Office assigned the CIPA § 4 motion to the

Court's September 12, 2005 motion calender.  This assignment, in turn,

gives the defendants until August 26, 2005 to file opposition to the

motion.  Defense counsel have filed letters indicating that due to the

redacted nature of the Government's filing, they are unable to tell

what relief the Government seeks and, therefore, are unable to respond

to the motion.  They seek a conference to obtain further elaboration on

the Government's motion. See doc. 124.

The pending motion seeks a protective order preventing the

disclosure of classified information that might otherwise be

discoverable under federal law. Section 4 motions under CIPA are *ex*

*parte* and *in camera* in nature. CIPA § 4; see 9 Fed. Proc., L. Ed. §

22:1124 (2004)("Ex parte in camera proceedings under § 4 of the CIPA are

appropriate where the defendants do not possess the classified information for

which they are seeking disclosure. ... CIPA manifests a congressional intent to

protect classified information from any disclosure incident to court proceedings

at whatever stage, other than those disclosures provided for in the CIPA.").

The Court's role on such motions is to insure that the defendants

receive a fair trial while also insuring that information deemed vital

to this Nation's security is not disclosed unless necessary.  In

fulfilling this role, the Court is "mindful of Congress' judgment,

2

expressed in CIPA, that the Executive's interest in protecting

classified information does not overcome a defendant's right to present

his case." <u>United States v. Moussaoui</u>, 382 F.3d 453, 476 (4th Cir.

2004).  While the redacted documents filed by the Government do not

apprise the defendants of the information the Government asserts should

be kept confidential, these documents do provide the defendants with

much of the legal and factual basis that the motion is premised upon.

The defendants may file opposition to the legal and factual

propositions set forth in the Government's redacted Memorandum of Law

if they deem such opposition appropriate.  Further, should defense

counsel wish to apprise the Court of defenses or defense strategies

that the Court should "factor in" in making its CIPA Section 4

determination, Counsel may request a second *ex parte, in camera* hearing

for this purpose.  Beyond that, the application for a conference is

**denied.**


**IT IS SO ORDERED**

DATED: August 15, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

3