**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

**-against-**                                                    **04-CR-402**

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN,**

                            **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION AND ORDER

    On January 9, 2006, the Court held an *in camera*, *ex parte* hearing with the Government regarding its first CIPA Section 4 filing. All those present and/or participating in the hearing had appropriate national security clearances. The hearing, which was transcribed, involved discussion of classified information.

    The Court finds that the Government's interest in protecting the national security and preventing the dissemination of classified information outweighs the defendants' and/or the public's right of access to this material and to this proceeding. See Haig v. Agee, 453 U.S. 280, 307 (1981)("[N]o governmental interest is more compelling than the security of the Nation."); Snepp v. United States, 444 U.S. 507, 509, n. 3 (1980)(*per curiam*)("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the

1

effective operation of our foreign intelligence service."); <u>United States v. Moussaoui</u>, 65 Fed. Appx. 881, 887, 2003 WL 21076836, at *3 (4th Cir. May 13, 2003)(unpublished decision)("[T]here can be no doubt that the Government's interest in protecting the security of classified information is a compelling one.")(citing <u>Dep't of Navy v. Egan</u>, 484 U.S. 518, 527 (1988)); <u>United States v. Al-Arian</u>, 267 F. Supp.2d 1258, 1266-67 (M.D. Fla. 2003)("This Court cannot think of a more compelling or substantial interest that the United States possesses than protection of classified information."). The Court further finds that because the discussion during the hearing was so limited in scope and so interrelated with classified information, the filing of a redacted transcript that did not divulge classified information would be impossible. No less reasonable alternative to closure and sealing will protect the Government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances.

   Accordingly, the paper and computer stenographic minutes of the hearing, and any notes taken by Court staff, **are and shall remain sealed until further order of this Court**, and are placed in the custody of the Court Security Officer for appropriate storage.

**IT IS SO ORDERED**

DATED:January 10,2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

2