**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

-against-                                              04-CR-402

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN,**

                          **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION AND ORDER

On March 10, 2006, the Government filed materials pursuant to the Classified Information Procedures Act ("CIPA") § 4 and Federal Rule of Criminal Procedure 16(d)(1) in opposition to the Defendants' motion for reconsideration. See "Notice of Submission of *in Camera, ex Parte*, Classified Memorandum and Response to Defendants' Motion for Reconsideration [Redacted]" [dkt. # 205]. The Government represented that the materials contained classified information impacting the national security of this Country. See CIPA § 1 (defining "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national

1

security); Exec. Order No. 12,958 § 1.3(a)(1)-(3), 60 Fed. Reg. 19,825, 19,826 (Apr. 17, 1995); 28 C.F.R. § 17.21; see also United States v. Smith, 750 F.2d 1215, 1217 (4th Cir. 1984)("[T]he government ... may determine what information is classified. A defendant cannot challenge this classification. A court cannot question it."), rev'd on other grounds on reh'g, 780 F.2d 1102 (4th Cir. 1985)(*en banc*); United States v. Musa, 833 F. Supp. 752, 755 (E.D. Mo. 1993)("The determination whether to designate information as classified is a matter committed to the executive branch."). The Government also presented a proposed Order that contained information deemed classified by the Government. The materials were submitted *ex parte* and reviewed *in camera,* and the Court determined to sign the proposed Order. The Order was designated a "classified Order" because it contained information deemed classified by the Government. In addition, the Court issued a public Order related to the classified Order. See March 10, 2006 Order [dkt. # 206].

   With regard to the materials submitted on March 10, 2006, including the proposed Order that the Court signed, the Court finds that the Government's interest in protecting the national security and preventing the dissemination of classified information outweighs the defendants' and/or the public's right of access to these materials. See Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-07 (1982)(First Amendment right of access to court proceedings and documents may be curtailed in favor of a compelling

Governmental interest provided that the limitation on access is "narrowly tailored to serve that interest."); Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984)("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)(common law right of access may be outweighed by important competing interests); see also Haig v. Agee, 453 U.S. 280, 307 (1981)("[N]o governmental interest is more compelling than the security of the Nation."); Snepp v. United States, 444 U.S. 507, 509, n. 3 (1980)(*per curiam*)("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service."); United States v. Moussaoui, 65 Fed. Appx. 881, 887, 2003 WL 21076836, at *3 (4th Cir. May 13, 2003)(unpublished decision)("[T]here can be no doubt that the Government's interest in protecting the security of classified information is a compelling one.")(citing Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988)); United States v. Al-Arian, 267 F. Supp.2d 1258, 1266-67 (M.D. Fla. 2003)("This Court cannot think of a more compelling or substantial interest that the United States possesses than protection of classified information."). The Court further finds that because the materials submitted on March 10,

3

2006, including the proposed Order that the Court signed, were so limited in scope and so interrelated with classified information, the filing of redacted materials or a redacted Order that did not divulge classified information would be impossible. No less reasonable alternative to closure and sealing will protect the Government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances.

On March 16, 2006, the Government presented the Court with a "Memorandum of Law in Response to the Court's February 16, 2006 Order" related to the Government's motion for a protective order pursuant to the Classified Information Procedures Act ("CIPA") § 4 and Federal Rule of Criminal Procedure 16(d)(1) dated August 4, 2005. See Status Report [dkt. # 212].  The Government also presented the Court with two proposed Orders, one dealing with the August 4, 2005 motion for a protective order, and the other dealing with the Government's Motion for a Protective Order Pursuant to CIPA §§ 4, 6 and 8 and FED. R. CRIM. P. 16(d)(1) dated January 13, 2006.  The Government represented that the "Memorandum of Law in Response to the Court's February 16, 2006 Order" and the two proposed Orders contained classified information impacting the national security of this Country. The materials were submitted *ex parte* and reviewed *in camera*, and the Court determined to sign the two proposed Orders. The two Orders were designated as "classified

Orders" because they contained information deemed classified by the Government.  In addition, the Court issued a public Order related to the two classified Orders. See March 16, 2006 Order [dkt. # 213].

With regard to the materials submitted on March 16, 2006, including the two proposed Orders that the Court signed, the Court finds that the Government's interest in protecting the national security and preventing the dissemination of classified information outweighs the defendants' and/or the public's right of access to these materials. See Globe Newspaper Co., 457 U.S. at 606-07; Press-Enterprise Co., 464 U.S. at 510; Nixon, 435 U.S. at 598; Haig, 453 U.S. at 307; Snepp, 444 U.S. at 509, n. 3; United States v. Moussaoui, 65 Fed. Appx. at 887, 2003 WL 21076836, at *3; United States v. Al-Arian, 267 F. Supp.2d at 1266-67.  The Court further finds that because the materials submitted on March 16, 2006, including the two proposed Orders that the Court signed, were so limited in scope and so interrelated with classified information, the filing of redacted materials or redacted Orders that did not divulge classified information would be impossible. No less reasonable alternative to closure and sealing will protect the Government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances.

Therefore, the above referenced materials are and shall

5

remain sealed until further order of this Court, and are placed in the custody of the Court Security Officer for appropriate storage.

**IT IS SO ORDERED**

DATED: March 28, 2006

Thomas J. McAvoy
Senior, U.S. District Judge