**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

**-against-**                                                                 **04-CR-402**

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN**,

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

      Defendant Yassin Aref moves pursuant to 18 U.S.C. § 3145(b) for review of the detention determination made by the Hon. David R. Homer, United States Magistrate Judge. See Motion for Review [dkt. # 192]. The Government has opposed the motion. For the reasons that follow, the motion is denied.

**II. BACKGROUND**

      The Court presumes familiarity with the general history and charges in this case, and will set forth only those facts relevant to the instant motion. On September 30, 2005, following arraignment on the Superceding Indictment,[1] Magistrate Judge Homer conducted a detention hearing pursuant to

---

[1] On September 29, 2005, the Grand Jury returned a 30 count Superseding Indictment. Counts 1-27 arise out of the sting and charge both Aref and Hossain with conspiracy to engage in money laundering and substantive acts of

1

the Bail Reform Act.  Judge Homer found that the new charges contained in the Superceding Indictment carried a presumption of detention, and that new evidence relating to Defendant Aref that had not previously been available (including translations of Aref's journal, speeches, and writings)  provided strength to the Government's case. See Sept. 30, 2005 Dent. Hear. Trans. pp. 62-63. Judge Homer determined to detain Aref pending trial based upon his conclusion that Defendant Aref presented both a danger to community and a risk of flight. Id.; see Order of Detention Pending Trial [dkt. # 136].

On February 10, 2006, Magistrate Judge Homer held a hearing on Defendant Aref's request to reconsider the detention determination based upon the purported discovery of new evidence. See generally Feb. 10, 2006 Hearing Trans.; see also Def. Notice of Motion for Reconsideration [dkt. # 167];  18 U.S.C. § 3142(f).  Magistrate Judge Homer determined that the arguments raised in support of the reconsideration motion did not warrant a change in Aref's detention status. See Feb. 10, 2006 Hearing Trans. pp. 32-36.  As indicated above, Defendant now moves pursuant to 18 U.S.C. § 3145(b) for review of Magistrate Judge Homer's detention determination.

## III. DISCUSSION

When adjudicating a motion pursuant to 18 U.S.C. § 3145(b), the Court conducts a *de novo* review of the Magistrate Judge's decision in order to arrive at an independent determination regarding the appropriateness of a defendant's detention status. See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985); United States v. Duncan, 897 F. Supp. 688, 690 (N.D.N.Y. 1995).  Having

---

money laundering (counts 1-11), conspiracy to provide material support to terrorists and substantive acts of material support (counts 12-19), conspiracy to provide material support to a terrorist organization (Jaish-e-Mohammad (JEM)) and substantive counts of material support (counts 20-27). Count 28 charges Aref with falsely stating on his 2002 INS Application to Adjust Status that he had not been a member of or affiliated with a political organization. Counts 29 and 30 charge Aref with making a false statement to the FBI - denying that he had been a member or part of the Islamic Movement in Kurdistan (IMK), and denying that he knew Mullah Krekar.

conducted such a *de novo* review in this case, and having considered the arguments presented by Defendant in support of the instant motion,[2] the Court finds that Aref's continued remand is appropriate precisely for the reasons previously articulated by Magistrate Judge Homer. The only issue warranting further discussion is the argument that the length of the pre-trial detention warrants Defendant's release.

At the time that Magistrate Judge Homer reconsidered Defendant's detention status, Aref had been detained for five (5) months and the trial date was uncertain. Magistrate Judge Homer correctly determined that absent a due process violation, detention of five months was not a material consideration, and further held that there was no indication that the trial would be unreasonably delayed. Since Magistrate Judge Homer made this determination, a September 6, 2006 trial date has been set.[3] Thus, assuming the trial will proceed as planned, Aref's pre-trial detention will be approximately twelve (12) months.

Given the complexity of this case as evidenced by defense counsels' request to delay the trial from June to September, see fn. 3, *supra*, no violation of Defendant's due process rights occurs by virtue of his pretrial detention of approximately one year. See United States v. El-Hage, 213 F.3d 74, 79-81 (2d Cir. 2000) (30-33 months of pretrial detention contemplated to be served, while extraordinary, does not violate defendant's due process rights given exceptional complexity of case and other factors); United States v. El-Gabrowny, 35 F.3d 63, 65 (2d Cir. 1994) (18 month pretrial

---

[2] The Court notes that June 6, 2006, Defendant Aref filed a motion "pursuant to 18 USC 3142(f)(B) for a re-examination of the issue of detention, based on new information which has a material bearing on the issue of release." Notice of Motion [dkt. # 234]. Because the Government has not yet responded to this latest motion, the instant Decision and Order does not consider or address the arguments presented therein.

[3] At an April 12, 2006 scheduling conference held with counsel for all parties, at which time the instant motion was pending, the Court proposed a June 6, 2006 trial date. However, defense counsel requested a later trial date, and the September 6, 2006 trial was then agreed upon.

detention, while unquestionably a long duration, does not violate due process, given importance and complexity of case, extensive evidence, including numerous tapes in Arabic). Accordingly, the Court finds that under the circumstances, the length of pre-trial detention alone does warrant Defendant's release. See United v. Orena, 986 F.2d 628, 630 (2d Cir. 1993) ("[T]here is no statutory basis for the conclusion that the length of a pretrial detention warrants the granting of bail where there has been a finding of danger to the community. To the contrary, Congress rejected any specific time limit under the Bail Reform Act for detention pending trial, relying instead upon the Speedy Trial Act.") (quoting United States v. Colombo, 777 F.2d 96, 100-01 (2d Cir. 1985)); United States v. Tortora, 922 F.2d 880, 889 (1st Cir. 1990) ("Congress has conspicuously omitted any instruction to consider the potential length of detention as part of the pretrial release calculus.").

## IV. CONCLUSION

For the reasons set forth above, Defendant Aref's motion pursuant to 18 U.S.C. § 3145(b) [dkt. # 192] is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 8, 2006

Thomas J. McAvoy
Senior, U.S. District Judge