**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

-against-                                                   04-CR-402

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN,**

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION AND ORDER

On April 11, 2006, Defendant Aref filed a supplemental motion seeking specific Brady material. See April 11, 2006 ltr. motion [dkt. # 227] ("Supplemental Motion"). On June 9, 2006, the Government responded to the Supplemental Motion by filing the "Government's Ex Parte, In Camera, Under Seal Letter Response Regarding Defendant Aref's April 11, 2006 Letter Request for Discovery of Recorded Statements." See June 12, 2006 Gov't Notice of Submission [dkt. # 237]. The Government represented that the material contained in its response to Aref's Supplemental Motion was classified information impacting the national security of this Country. See CIPA § 1 (defining "classified information" as "any information or material that has been determined by the United

1

States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security); Exec. Order No. 12,958 § 1.3(a)(1)-(3), 60 Fed. Reg. 19,825, 19,826 (Apr. 17, 1995); 28 C.F.R. § 17.21; see also United States v. Smith, 750 F.2d 1215, 1217 (4th Cir. 1984)("[T]he government ... may determine what information is classified. A defendant cannot challenge this classification. A court cannot question it."), rev'd on other grounds on reh'g, 780 F.2d 1102 (4th Cir. 1985)(*en banc*); United States v. Musa, 833 F. Supp. 752, 755 (E.D. Mo. 1993)("The determination whether to designate information as classified is a matter committed to the executive branch."). The Government also presented 2 proposed Orders, one that contained information deemed classified by the Government ("classified Order") and one that did not ("non-classified Order"). The materials were submitted *ex parte* and reviewed *in camera,* and the Court determined to sign the proposed Orders. The non-classified Order was filed with the Clerk and posted on the public docket. See June 12, 2006 Order [dkt. # 239].

With regard to the materials submitted on June 9, 2006 that contained classified information (including the proposed classified Order that the Court signed), the Court finds that the Government's interest in protecting the national security and preventing the dissemination of classified information outweighs the defendants'

2

and/or the public's right of access to these materials. See Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-07 (1982)(First Amendment right of access to court proceedings and documents may be curtailed in favor of a compelling Governmental interest provided that the limitation on access is "narrowly tailored to serve that interest."); Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984)("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)(common law right of access may be outweighed by important competing interests); see also Haig v. Agee, 453 U.S. 280, 307 (1981)("[N]o governmental interest is more compelling than the security of the Nation."); Snepp v. United States, 444 U.S. 507, 509, n. 3 (1980)(*per curiam*)("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service."); United States v. Moussaoui, 65 Fed. Appx. 881, 887, 2003 WL 21076836, at *3 (4th Cir. May 13, 2003)(unpublished decision)("[T]here can be no doubt that the Government's interest in protecting the security of classified information is a compelling one.")(citing Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988)); United States v. Al-Arian, 267 F. Supp.2d 1258, 1266-67

3

(M.D. Fla. 2003)("This Court cannot think of a more compelling or substantial interest that the United States possesses than protection of classified information."). The Court further finds that because the materials submitted on June 9, 2006, including the proposed classified Order that the Court signed, were so limited in scope and so interrelated with classified information, the filing of redacted materials or a redacted classified Order that did not divulge classified information would be impossible. No less reasonable alternative to closure and sealing will protect the Government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances.

On April 20, 2006, the Government presented the Court with a "Classified Letter" that constituted an update of materials previously submitted in relation to the Government's motion for a protective order pursuant to the Classified Information Procedures Act ("CIPA") § 4 and Federal Rule of Criminal Procedure 16(d)(1). <u>See</u> Notice of Submission of Classified Letter [dkt. # 230]. The Government represented that all of the material contained in the April 20, 2006 Classified Letter was classified information impacting the national security of this Country. The Classified Letter was submitted *ex parte* and reviewed *in camera*. As indicated in the Court's June 7, 2006 Decision and Order, the Court disagreed with the Government's argument and determined that

the Government had to disclose the names from the "Rawah Notebook" that had been declassified. See 6/7/06 Dec. & Ord. at pp. 3-4, 17-18 [dkt. # 235]. The Government has complied with the Court's order. See Status Report [dkt. # 238].

With regard to the materials submitted on April 20, 2006, and in light of the Government's representation that the materials were classified, the Court finds that the Government's interest in protecting the national security and preventing the dissemination of classified information outweighs the defendants' and/or the public's right of access to these materials. See Globe Newspaper Co., 457 U.S. at 606-07; Press-Enterprise Co., 464 U.S. at 510; Nixon, 435 U.S. at 598; Haig, 453 U.S. at 307; Snepp, 444 U.S. at 509, n. 3; United States v. Moussaoui, 65 Fed. Appx. at 887, 2003 WL 21076836, at *3; United States v. Al-Arian, 267 F. Supp.2d at 1266-67.  The Court further finds that because the materials submitted on April 20, 2006 were so limited in scope and so interrelated with classified information, the filing of redacted materials or a redacted Classified Letter that did not divulge classified information would be impossible. No less reasonable alternative to closure and sealing will protect the Government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances.

Therefore, the above referenced materials are and shall

remain sealed until further order of this Court, and are placed in the custody of the Court Security Officer for appropriate storage.

**IT IS SO ORDERED.**

DATED: July 6, 2006

Thomas J. McAvoy
Senior, U.S. District Judge