**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

**-against-**                                                                                  **04-CR-402**

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN**,

                               **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

Defendants Aref and Hossain both move *in limine* to preclude the Government from offering evidence from Rohan Gunaratna, an individual identified by the Government as an expert in the field of "terrorist support and operational networks." See Def. Aref Pretrial Mot., pp. 14-23 [dkt. # 280]; Def. Hossain Pretrial Mot., pp. 4-10 [dkt. # 275]. In their respective memoranda of law in support of these motions, Defendants cite to, and quote from, Gunaratna's expert witness report (previously provided to them by the Government). Defendant Hossain seeks to attach the report as exhibit A to his motion. See Def. Hossain Pretrial Mot., p. 4 [dkt. # 275]. The Government has raised the concern that the contents of Gunaratna's report, although supportive of its case, might have a negative impact upon jury selection if made part of the public record at this time.

1

This case has received a large share of media coverage which has been a factor in the Court's decision to use juror questionnaires in this case. See June 7, 2006 Decision and Order, pp. 16-17 [dkt. # 235]. While the Court recognizes the media's right to access documents that impact decisions in this case, see Nov. 16, 2004 Decision & Order [dkt. # 91] (addressing motion by a group of media outlets to intervene to gain access to documents in this case), the Court's paramount concern is that Defendants receive a fair trial by an impartial jury that decides the case on the basis of the evidence presented in the courtroom. Inasmuch as some or all of Rohan Gunaratna's opinions might not be presented in the courtroom, and inasmuch as Defendants have quoted from those portions of Gunaratna's report that they feel support their arguments for preclusion (thus giving the public a basis to see what the Court is considering when it rules on these motions), the Court finds that Gunaratna's expert witness report should be filed *in camera* and sealed until jury selection is complete.

In this regard, the Court finds that Defendants' rights to a fair trial by an impartial jury that decides the case on the basis of the evidence presented in the courtroom outweighs the public's right of access to Gunaratna's expert witness report until after the jury is selected. See Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-07 (1982)(First Amendment right of access to court proceedings and documents may be curtailed in favor of a compelling interest provided that the limitation on access is "narrowly tailored to serve that interest."); Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984)("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598

(1978)(common law right of access may be outweighed by important competing interests).

Therefore, it is hereby

**ORDERED** that Defendant Hossain shall file Rohan Gunaratna's expert witness report (Exhibit A to Defendant Hossain's Pretrial Motions [dkt. # 275]) *in camera,* and the Clerk of the Court shall seal the document until the jury in this case is sworn. After the jury is sworn, the document shall be unsealed and posted on the public docket.

**IT IS SO ORDERED**

DATED:  August 11, 2006

Thomas J. McAvoy
Senior, U.S. District Judge