**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

-against-                                                                04-CR-402

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN**,

                              **Defendants.**

_____

**IN RE**

**THE NEW YORK CIVIL LIBERTIES UNION,**

                              **Proposed Intervenors.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

    The New York Civil Liberties Union ("NYCLU") moves to intervene in this action,

see Not. of Mot. to Intervene [dkt. # 252], and to gain

    public access to as much of this Court's March 10, 2006, Opinion and Order and
    the government's March 10, 2006, submission in opposition to defendants'
    suppression motion as can be made public without compromising legitimately
    classified national security information.

1

Not. of Mot. For Public Access to Record [dkt. # 253]. In this regard, the movant asserts:

> The NYCLU recognizes that on March 28, 2006, this Court issued a Decision and Order that these documents must remain sealed in order to protect classified national security information. That opinion properly acknowledges that "[t]he presumption of openness may be overcome only by an overriding interest based upon findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Decision and Order (March 28, 2006)(Docket Entry 224)(citing Press Enterprise Co. v. Superior Court (Press Enterprise I), 464 U.S. 501, 510 (1984)). The question raised on this motion is whether the Court correctly applied the Press Enterprise standard when it concluded that complete secrecy was required.

NYCLU Mem. L., p. 1.

The NYCLU contends that if there were any unclassified, or unclassifiable, legal arguments or factual assertions in either the Government's March 10, 2006 submission or the Court's March 10, 2006 Opinion and Order regarding whether or not Defendant Aref was subjected to illegal wiretapping,[1] these legal arguments or factual assertions should be disclosed in a redacted public filing similar to that which the Court required previously in this case. See Dkt. # 112 (Govt's redacted CIPA filing).

As the Court stated in the March 28, 2006 Decision and Order:

> On March 10, 2006, the Government filed materials pursuant to the Classified Information Procedures Act ("CIPA") § 4 and Federal Rule of Criminal Procedure 16(d)(1) in opposition to the Defendants' motion for reconsideration. See "Notice of Submission of *in Camera, ex Parte*, Classified Memorandum and Response to Defendants' Motion for Reconsideration [Redacted]" [dkt. # 205]. <u>The Government represented that the materials contained classified information impacting the national security of this Country.</u> . . . The Government also presented a proposed Order <u>that contained information deemed classified by the Government</u>.

---

[1] As indicated in the March 28, 2006 Decision and Order, on March 10, 2006 the Court signed two orders. One was designated a "classified Order" because it contained information deemed classified by the Government. The other was a public Order related to the classified Order. See March 10, 2006 Order [dkt. # 206]. The Court understands the present motion to pertain to the March 10, 2006 classified Order.

2

March 28, 2006 Decision and Order, p. 1 (emphasis added).   None of the cases cited by the NYCLU stand for the proposition that once members of the Executive Branch have determined that certain material is classified under the doctrine of national security, the Court can challenge that classification when presented with the material in a court of law.[2]

---

[2]The NYCLU cites McGehee v. Casey, 718 F.2d 1137, 1147-49 (D.C. Cir. 1983) for the proposition that the Court must engage in *de novo* review of the Government's decision to classify the documents in issue here because the NYCLU has challenged the classification decision.  McGehee does not apply to the instant case.

In McGehee the District of Columbia Circuit Court addressed a former Central Intelligence Agency ("CIA") agent's First Amendment challenged to the CIA's determination to classify his post-employment writings as containing information impacting national security and prevent the writings from being published. While the Circuit Court did conduct a review to determine whether the CIA's determination to classify the writings was proper, the McGehee Court explained that the review was required because of the unique circumstances presented in that case - circumstances that do not exist in the instant matter.  In this regard, the District of Columbia Circuit Court wrote:

> The district court found that the CIA "properly classified the [relevant] documents and [was] warranted in their censorship" of portions of McGehee's article. We agree, although we take this opportunity **to clarify the standard of judicial review appropriate to a case such as this one.**
>
> This case arises in a posture significantly different from a request for release of CIA documents under the Freedom of Information Act (FOIA). In a FOIA case, an individual seeks to compel release of documents in the government's possession.  Here, by contrast, McGehee **wishes publicly to disclose information that he already possesses**, and the government has ruled that his secrecy agreement forbids disclosure.
>
> **This difference between seeking to obtain information and seeking to disclose information already obtained raises McGehee's constitutional interests in this case above the constitutional interests held by a FOIA claimant.   As a general rule, citizens have no first amendment right of access to traditionally nonpublic government information**.  See, e.g., Houchins v. KQED, Inc., 438 U.S. 1, 8-9, 98 S.Ct. 2588, 2593, 57 L.Ed.2d 553 (1978)(plurality opinion); id. at 16, 98 S.Ct. at 2597 (Stewart, J., concurring); Saxbe v. Washington Post Co., 417 U.S. 843, 849, 94 S.Ct. 2811, 2814, 41 L.Ed.2d 514 (1974); Pell v. Procunier, 417 U.S. 817, 831-32, 94 S.Ct. 2800, 2808-09, 41 L.Ed.2d 495 (1974).   A litigant seeking release of government information under FOIA, therefore, relies upon a statutory entitlement-as narrowed by statutory exceptions-and not upon his constitutional right to free expression.
>
> In this case, however, **McGehee wishes to publish information he possesses, and the CIA wishes to silence him.**

McGehee, 718 F.2d at 1147 (emphasis added).

As the Government points out, not even the Defendants (or their attorneys) have been provide with

(continued...)

3

Indeed, to hold otherwise would open every case involving classified information under the Classified Information Procedures Act to numerous (and undoubtedly lengthy) min-trials in which the Judiciary - not the Executive Branch - becomes the arbiter of this Country's national security.  That clearly is not the Court's function in a CIPA case. See CIPA § 1 (defining "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security") (emphasis added);  Exec. Order No. 12,958 § 1.3(a)(1)-(3), 60 Fed. Reg. 19,825, 19,826 (Apr. 17, 1995); 28 C.F.R. § 17.21; see also United States v. Smith, 750 F.2d 1215, 1217 (4th Cir. 1984)("[T]he government ... may determine what information is classified. A defendant cannot challenge this classification. A court cannot question it."), rev'd on other grounds on reh'g, 780 F.2d 1102 (4th Cir. 1985)(*en banc*); United States v. Musa, 833 F. Supp. 752, 755 (E.D. Mo. 1993)("The determination whether to designate information as classified is a matter committed to the executive branch.").

In the situation regarding the Government's March 10, 2006 submissions (including the proposed "classified Order"), the Government represented that all of the material was deemed classified by the Government.  As indicated by the Court's March 28, 2006 Decision and Order, the Court weighed the Defendants' and the public's interest in the documents (including the Court's "classified Order") but determined that there could be no public access to these documents without compromising classified national security

---

²(...continued)
the classified information contained in the March 6, 2006 documents.  Thus, the NYCLU's reliance on McGehee in this case is misplaced.

4

information. Nonetheless, the Court inquired of the government whether a redacted, unclassified document could be filed.  The government has filed such a redacted document containing unclassified information, see dkt. # 433, and an "In Camera Ex Parte Classified Memorandum In Response to the Court's Inquiry Regarding Declassification and Unsealing of the Government's March 10, 2006 Filing." See dkt. # 432.  Other than providing (a) an identification of the signatory of the "Government's In Camera, Ex Parte Classified Memorandum and Response to the Defendants' Motion for Reconsideration" dated March 10, 2006; (b) an identification of the declarant of the government's Declaration in support of sealing the March 10, 2006 submissions, and (c) the authority by which the declarant acted, the redacted documents provide no substantive information. As represented by the Government previously, the Government contends that the remainder of the information contained in the March 10, 2006 submissions constitutes classified information impacting the national security of this Nation.

Accordingly, since the Court has already applied the standard advocated for by the NYCLU, and since the public gained "public access to as much of this Court's March 10, 2006, Opinion and Order and the government's March 10, 2006, submission in opposition to defendants' suppression motion as can be made public without compromising legitimately classified national security information," the NYCLU's application to open sealed portions of the record [dkt. # 253] is **DENIED**.   Furthermore, since the issue raised in the NYCLU's application was, in essence, decided before the instant application was made and was based upon the standard advocated for by the NYCLU in its present application, the Court finds no reason to grant the NYCLU intervention in this action.

5

Consequently, the motion for intervention [dkt. # 252] is also **DENIED**.

**IT IS SO ORDERED**.

DATED:February 22,2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge