```
 1   UNITED STATES DISTRICT COURT
 2   NORTHERN DISTRICT OF NEW YORK
 3   ---------------------------------------------
 4   UNITED STATES OF AMERICA
 5
 6
 7
 8       -versus-                            04-CR-402
 9                                       (STATUS CONFERENCE)
10
11   YASSIN MUHIDDIN AREF
12   and MOHAMMED MOSHARREF HOSSAIN
13
14                   Defendants.
15   ---------------------------------------------
16
17             TRANSCRIPT OF PROCEEDINGS held in and for
18   the United States District Court, Northern District of
19   New York, at the James T. Foley United States Courthouse,
20   445 Broadway, Albany, New York  12207, on TUESDAY,
21   AUGUST 9, 2005, before the HON. THOMAS J. MCAVOY,
22   United States District Court Magistrate Judge.
23
24
25
                      *BONNIE J. BUCKLEY, RPR*
                 *UNITED STATES COURT REPORTER – NDNY*
```

```
 1
 2   APPEARANCES:
 3
 4
 5   FOR THE GOVERNMENT:
 6   UNITED STATES ATTORNEY'S OFFICE - NDNY
 7   BY:  WILLIAM C. PERICAK, AUSA
 8   BY:  GREGORY WEST, AUSA
 9           - and -
10   U.S. DEPARTMENT OF JUSTICE
11   BY:  STEVEN TYRRELL, COUNTERTERRORISM SECTION
12
13
14   FOR THE DEFENDANT AREF:
15   BY:  TERENCE E. KINDLON, ESQ.
16
17   FOR THE DEFENDANT HOSSAIN:
18   BY:  KEVIN A. LUIBRAND, ESQ.
19
20
21
22
23
24
25
```

*BONNIE J. BUCKLEY, RPR*
*UNITED STATES COURT REPORTER - NDNY*

```
 1                  (Court commenced at 9:30 AM.)
 2                  THE CLERK:  United States of America versus
 3     Yassin Muhiddin Aref, et al., 2004-CR-402.  May I have the
 4     appearance for the Government.
 5                  MR. PERICAK:  William Pericak on behalf of the
 6     United States.
 7                   MR. TYRRELL:  Good morning, your Honor.
 8     Steven Tyrrell on behalf of the United States.
 9                  MR. WEST:  Good morning, Judge.  Greg West on
10     behalf of the United States.
11                  MR. KINDLON:  Good morning, your Honor.
12     Terence Kindlon, 74 Chapel Street, Albany, New York behalf
13     Yassin Aref.
14                  THE COURT:  Good morning.  And good morning,
15     Mr. Aref.
16                  MR. KINDLON:  On behalf of defendant Hossain.
17                  MR. LUIBRAND:  Kevin Luibrand.
18                  THE COURT:  Good morning, Mr. Luibrand and
19     Mr. Hossain.
20                  MR. LUIBRAND:  Morning, your Honor.
21                  THE COURT:  All right.  The Court is feeling a
22     little more competent today than the last time we got
23     together, and that's largely because a lot of hard work has
24     been done on behalf of the Government to present the Court
25     with materials which it now must review after discussing the
```

1  matter in-camera with the defendants.  There's also been a lot
2  of work done by defendants' counsel, because the Court has
3  gotten information, documents that the defense counsel has
4  received substantial discovery and is working hard to put it
5  in shape for use during trial.  The Government, as of
6  yesterday, has provided the Court in-camera with a motion for
7  a protective order pursuant to the Classified Information
8  Procedure Act Section IV and Federal Rules of Criminal
9  Procedure 16(b)(1).  And my understanding is that Mr. Pericak
10 and his associates are going to be filing a redacted motion
11 and brief with the defendants.  And, of course, we'll expect
12 that you'll review those matters and submit a reply brief to
13 the Court, stating your position.
14            The Court is encouraged, because it now finally
15 sees where the matter is going in terms of ultimate
16 disposition, at least insofar as the schedule is concerned.
17 The bulk of the materials that the Court must review and
18 decide whether or not they should be turned over pursuant to
19 the discovery rules and the procedures under the Classified
20 Information Act is now resting with the Court.  There is a
21 small additional amount and there's a finite period of time in
22 which that will be produced.  And my understanding is that
23 will be produced by October 11th of this year, and that will
24 be the final, barring things that may crop up during motion
25 periods and the trial that we can't foresee now, but that will

be the final presentation of materials to the Court for its review, in consultation with the defendants, depending on the motion, the outcome of the motion, and materials to be given to defense counsel and defendants for their review after we go through that procedure.

That means -- and, again, this makes the Court happy, because we're finally moving along -- we think we can set a motion schedule up.  And I'm going to have to have cooperation between prosecution and defendants to begin soon after that October 11th date.  When I say soon after, what I mean is as soon as the defendants, having received the materials, can put together what they feel are the proper motions to be made on behalf of the defense, and if the Government needs to make motions at that time, they can make them at the same time.  So that, what I'm saying here is, hopefully, we can have motions in either late November or early December, depending on the preparedness of defense counsel, because the Court realizes that defense counsel in order to make a cogent motion, has to have before it all the materials that its presented with in terms of the discovery materials that we're working on now.

That means, realistically, that the case could be tried shortly after the first of the year.  So at least we are in a position now, finally, again, thanks to the hard work on both sides, of getting this thing in a position where we

1  can bring it to final disposition.  That's what we all want.
2               I would like to hear first from the Government
3  and then the defendants.  Then I'm going to request, after
4  we're done out here today, an in-camera meeting with the
5  defense counsel alone so that I can get some information that
6  may aid me in the determination of what is relevant as far as
7  your defenses are concerned and what may be helpful to you in
8  terms of the information the Court must review.
9               Mr. Pericak.
10              MR. PERICAK:  Your Honor, I really don't have
11 anything to add.  The Court has stated basically the results
12 of our in-camera meeting, and the Government is prepared to
13 comply with that schedule.
14              THE COURT:  All right.  Mr. Kindlon.
15              MR. KINDLON:  I have nothing, nothing to say at
16 this time, your Honor.  I do have some matters which would be
17 best discussed in-camera.
18              THE COURT:  All right.  Mr. Luibrand.
19              MR. LUIBRAND:  Yes, your Honor.  I think the
20 schedule would be dependent upon what materials we're
21 provided.  And, as well, we have not yet received our security
22 clearances.
23              THE COURT:  Received what?
24              MR. LUIBRAND:  Security clearances to examine
25 documents.

*BONNIE J. BUCKLEY, RPR*
*UNITED STATES COURT REPORTER - NDNY*

1           THE COURT:  I'm not working that part of it,
2 but we'll check on that today.  You are right, the schedule
3 will be driven by the materials that you get and your ability
4 to analyze them and the amount of time that takes.  We're all
5 willing to work with you on that, because you had to wait for
6 these materials and it took the Government a long time to
7 assemble them.  I think that you are going to find that we can
8 move the thing along fairly expeditiously.  And I'll talk to
9 you more about that.
10           So October 11th will be the next date when
11 we're together.  That's the day, as I said, the final
12 submission, quote, unquote, because things come up that none
13 of us know about, and then we can set a motion date and
14 perhaps a trial date at that time.
15           Anything further from anybody?
16           MR. PERICAK:  Not from the Government, your
17 Honor.
18           THE COURT:  Court stands adjourned.  I'll see
19 you defense gentlemen in chambers forthwith.
20           (Court adjourned at 9:40 AM.)
21                     * * * * *
22
23
24
25

*BONNIE J. BUCKLEY, RPR*
*UNITED STATES COURT REPORTER – NDNY*

```
 1
 2
 3                              L<€'(
 4
 5
 6            I, BONNIE J. BUCKLEY, RPR, Official Court Reporter
 7   in and for the United States District Court, Northern District
 8   of New York, do hereby certify that I attended at the time and
 9   place set forth in the heading hereof; that I did make a
10   stenographic record of the proceedings held in this matter and
11   caused the same to be transcribed; that the foregoing is a
12   true and correct transcript of the same and whole thereof.
13
14
15
16                                  _____
17                                  BONNIE J. BUCKLEY, RPR
18                                  USDC Court Reporter – NDNY
19
20   DATED:  NOVEMBER 19, 2007
21             À"€·
22
23
24
25
```